# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

RALPH BUCKLEY, )
 )
    Petitioner, )
 )
vs. ) Case No. 05-0398-CV-W-FJG-P
 )
MICHAEL BOWERSOX, )
 )
    Respondent. )

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner, Ralph Buckley, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 27, 2005, seeking to challenge his 2000 convictions and sentences for two counts of first degree statutory sodomy, which were entered in the Circuit Court of Osage County, Missouri. Petitioner raises ten grounds for relief: (1) petitioner's defense witnesses were kept from testifying by defense counsel; (2)(a) trial court error in admitting physician testimony concerning sexual abuse; (2)(b) denial of the right to appear pro se on appeal; (3) ineffective assistance of trial counsel for failing to preserve for appeal petitioner's objection to the fact that the prosecutor vouched for witness credibility during closing argument; (4) "I AM NOT GUILTY!!! I DID NOT RECEIVE A FAIR TRIAL!!!"; (5) the trial judge denied petitioner's request to have his sentences run concurrently; (6) petitioner's trial counsel did not introduce at trial one of the victims' statements made at the preliminary hearing, in which the victim testified that a Division of Family Services ("DFS") worker told her to lie; (7) a DFS worker's statements to police were different from her testimony at trial; (8) one of the victims made inconsistent statements to investigators because at one point he said that his aunt abused him and at another he said that no one in the family abused him; (9) the Sheriff and DFS told the victims to lie about petitioner; and (10) DFS persuaded the victims

to lie and this is evidenced by the delay in their testimony.

Respondent concedes exhaustion of petitioner's grounds for relief. However, respondent contends that Grounds 2(a) and 3 are without merit and that Grounds 1, 2(b), 4, 5, 6, 7, 8, 9, and 10 are procedurally defaulted.

On direct appeal, the Missouri Court of Appeals summarized the facts as follows:

> In 1996, appellant married Claudia and the two lived together in Independence, Missouri with Claudia's three grandchildren. Included among these grandchildren were David and Dominique Petrie, ages 6 and 5. In November, 1996, the family moved to Owensville, Missouri. On January 28, 1998, DFS went to the Buckley home after receiving a hotline call that alleged that Dominique had performed oral sex on appellant. DFS removed David and Dominique from the home and began an investigation into the allegations. Gary Dittman, the DFS worker, interviewed the children and then took them to see Dr. Lori Frasier so that she could conduct a sexual assault forensic evaluation (SAFE). Dr. Frasier first examined Dominique, who told Dr. Frasier that "someone" had stuck his "private" in her genital and rectal areas. Dr. Frasier also examined David. Both David and Dominique's anal exams were normal. David's genitalia appeared normal, but Dominique's hymen appeared to be broken. On November 20, 2000, appellant filed a motion in limine seeking to prohibit Dr. Frasier's testimony regarding the results of the anal examination she performed on the children because, he argued, said testimony was irrelevant and prejudicial. Said motion was denied.
>
> Appellant was arrested and charged by information with two counts of statutory sodomy in the first degree, Section 566.062 RSMO (Supp. 2001) (all further references herein shall be to RSMO Supp. 2001 unless otherwise indicated). At trial, appellant denied both touching the children and having them touch him sexually at any time. The jury found appellant guilty of both counts of statutory sodomy and sentenced him, as a prior and persistent offender, to consecutive terms of twenty years on each count. This appeal followed.

(Respondent's Exhibit "7," pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's

findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 2(a) - PHYSICIAN TESTIMONY

In Ground 2(a), petitioner alleges that the trial court erred in admitting the testimony of Dr. Frasier because her testimony was irrelevant. Respondent contends that this ground for relief is without merit.

As a preliminary matter, this ground for relief raises an evidentiary issue. "Questions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases." Harrison v. Dahm, 880 F.2d 999, 1001 (8th Cir. 1989) [quoting Maggitt v. Wyrick, 533 F.2d 383, 385 (8th Cir.), cert. denied, 429 U.S. 898 (1976)]. Only if the alleged error violates a specific constitutional right or is so prejudicial that it denies due process may a federal court grant habeas corpus relief on a state evidentiary issue. Clark v. Groose, 16 F.3d 960, 963 (8th Cir. 1994).

On direct appeal, the Missouri Court of Appeals held as follows:

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

-3-

> Appellant's first point on appeal deals with Dr. Frasier's testimony that the children's normal rectal exams were "very usual," and that, in fact, in over 99% of children alleging anal penetration, the anal exams are completely normal. Appellant objected to this testimony, arguing that said testimony was irrelevant because the anal exams were normal; and therefore, there was no reason to say it did not rule out anal penetration. Said objection was overruled.
>
> The trial court's rulings on the admissibility of testimony will not be overturned on appeal, unless the trial court abused its discretion. <u>Doe v. Alpha Theraputic Corp</u>., 3 S.W.3d 404, 421 (Mo. App. E.D. 1999). We will find such an abuse where the trial court's ruling is clearly against the logic of the circumstances or so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. <u>Id.</u> The test applied to an irrelevancy objection is whether the evidence offered tends to prove or disprove a fact in issue or corroborates other relevant evidence. <u>State v. Smith</u>, 32 S.W.3d 531, 546 (Mo. banc 2002).
>
> We find the testimony of Dr. Frasier was relevant to show that David and Dominique's testimony regarding Appellant's sodomizing of them was consistent with the physical evidence. Dr. Frasier's testimony was relevant to show the jury that the lack of physical evidence indicating penetration did not necessarily indicate penetration had not occurred, and that, therefore, the physical evidence was not inconsistent with the other testimony. This case is similar to <u>State v. Hoban</u>, 738 S.W.2d 536, 543 (Mo. App. E.D. 1987), where a medical doctor was allowed to testify that the results of her medical examination were consistent with the victim's account of what had happened to her. Similarly, Dr. Frasier's testimony simply establishes that a normal anal exam is not inconsistent with the victims' accounts of what happened to them, and therefore, the trial court did not err in admitting Dr. Frasier's testimony. Point denied.

(Respondent's Exhibit "7," pp. 3- 4).

The resolution of Ground 2(a) by the state courts did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as

-4-

amended April 24, 1996), as defined by the Supreme Court in Terry Williams v. John Taylor, 529 U.S. 362, 412-13 (2000).[2]

Ground 2(a) is denied.

## GROUND 3 - INEFFECTIVE ASSISTANCE OF COUNSEL

In Ground 3, petitioner alleges that his trial counsel was ineffective for failing to preserve for appellate review petitioner's objection to the fact that the prosecutor vouched for witness credibility during closing argument. Respondent contends that this ground for relief is without merit.

In order to succeed on petitioner's claim of ineffective assistance of trial counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's actions in that there is a reasonable probability that, but for counsel's unprofessional acts, the results of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

On appeal from the denial of petitioner's Rule 29.15 motion, the Missouri Court of Appeals rejected this ground as follows:

> The movant's third ineffective-assistance-of-counsel claim stems from the prosecutor's closing argument. The prosecutor told the jury that the testimony of the movant's five- and six-year-old step-grandchildren detailing the sexual acts the movant committed upon them were "[n]ot things that would come from children unless it really happened." The movant's subsequent objection was overruled. This ruling was not challenged in the movant's new-trial motion, but was challenged as plain error on direct appeal. There, the movant contended that the prosecutor's statement constituted improper vouching. This court disagreed and, thus, found no trial court error, plain or otherwise. Buckley, No. ED79126, mem. at 6. [Respondent's Exhibit "7," p. 8].
>
> In his Rule 29.15 motion, the movant argues that defense counsel was ineffective for failing to contest the trial court's ruling in the movant's motion for a new trial. He contends that there is a reasonable probability this court would have found prejudicial error and granted him a new trial had defense counsel properly preserved the vouching issue for appellate review.
>
> We find the motion court did not clearly err in denying this claim because, like the previous claim, it is not cognizable in a Rule 29.15 motion. Where, as here, the assertion of prejudice is based solely on a defendant's ability to appeal, as opposed to the fairness of his trial, the claim is not cognizable. Loazia, 829 S.W.2d at 560.[3] Further, this Court found no error, plain or otherwise, in consideration of the movant's direct appeal.

---

[3] Loazia is cited earlier in the opinion:

> Post-conviction relief for ineffective assistance of counsel is limited to errors that prejudice the movant by denying him a fair trial. State v. Loazia, 829 S.W.2d 558, 569 (Mo. App. E.D. 1992). Where the assertion of prejudice is based solely on a defendant's ability to appeal, the claim is not cognizable. Fears v. State, 991 S.W.[2d] 190 (Mo. App. E.D. 1999); State v. Baker, 850 S.W.2d 944, 950 (Mo. App. E.D. 1993).

(Respondent's Exhibit "12," p. 4).

Point denied.

(Respondent's Exhibit "12," pp. 5-6).

The resolution of petitioner's third ground for relief by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Terry Williams v. John Taylor, supra. Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that trial counsel was not ineffective.

Ground 3 is denied.

## **GROUNDS 1, 2(b), 4, 5, 6, 7, 8, 9 and 10 - PROCEDURAL DEFAULT**

In Ground 1, petitioner alleges that he had several defense witness who could have testified on his behalf, but that trial counsel failed to call them as witnesses. In Ground 2(b), petitioner alleges that he was denied the right to appear pro se on appeal because the Missouri Court of Appeals refused to grant his motion to withdraw appellate counsel. In Ground 4, petitioner alleges that he is innocent and that his trial was not fair. In Ground 5, petitioner alleges that he wrote a letter to the trial judge requesting to have his sentences run concurrently and the trial judge refused his request. In Ground 6, petitioner alleges that his trial counsel failed to point out differences in statement's made by one of the victims. In Ground 7, petitioner alleges that a DFS worker's statements to police were different than his trial testimony. In Ground 8, petitioner alleges that a victim's statements to investigators differed from one another. In Ground 9, petitioner alleges that the Sheriff and DFS workers told the victims to lie about petitioner. Finally, in

Ground 10, petitioner alleges that DFS persuaded the victims to lie, as evidenced by the fact that it took a long time for them to testify at trial.

Respondent contends that Grounds 1, 2(b), 4, 5, 6, 7, 8, 9, and 10 are procedurally defaulted because they were not raised on direct appeal or on appeal from the denial of petitioner's motion for post-conviction relief. The record reflects that respondent is correct.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

On direct appeal, petitioner asserted three claims: (i) that the trial court erred in admitting hearsay testimony concerning the victims' allegations of sexual abuse to a DFS worker; (ii) trial court error in overruling petitioner's objection to the prosecutor's "vouching" for witness credibility during closing argument; and (iii) Ground 2(a), as discussed herein. On appeal from the denial of his motion for post-conviction relief, petitioner raised three claims: (i) ineffective assistance of trial counsel for failing to make a second request for the jury to disregard hearsay testimony; (ii) failing to include in a motion for a new trial petitioner's first request for the jury to disregard hearsay testimony; and (iii) Ground 3, as discussed herein.

Grounds 1, 2(b), 4, 5, 6, 7, 8, 9, and 10 were not raised on direct appeal or on appeal from the

denial of petitioner's motion for post-conviction relief. (See Respondent's Exhibit "7," p. 2; Exhibit "12," p. 2). Consequently, these grounds for relief are procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). This Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

In his supplemental reply (Doc. No. 14), petitioner claims that not all of the issues he wished to pursue on appeal were briefed on appeal by his public defender. Petitioner does not elaborate as to which claims were abandoned and whether it was direct appeal counsel, post-conviction counsel, or both who abandoned these claims. To the extent that petitioner alleges ineffective assistance of post-conviction counsel or post-conviction appellate counsel as the basis for his procedural default, petitioner's claim must fail. Because there is no constitutional right to an attorney in state post-conviction proceedings, see, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987), ineffective assistance of post-conviction relief counsel cannot excuse state procedural default, Coleman v. Thompson, 501 U.S. at 752; Boyd v. Delo, 999 F.2d 1286, 1288 (8th Cir. 1993); Nolan v. Armontrout, 973 F.2d 616, 617 (8th Cir. 1992).

To the extent that petitioner alleges direct appeal counsel was ineffective for failing to include all of petitioner's claims on direct appeal, this claim also must fail. Petitioner made no allegation of ineffective assistance of direct appeal counsel in his motion for post-conviction relief. Consequently, his ineffective assistance of appellate counsel claim is itself procedurally defaulted and cannot constitute cause for procedural default as to any of the original grounds for relief. Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can

-9-

still reach the merits of his claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). A review of the record reflects that petitioner has failed to satisfy this test.

Petitioner has failed to show cause for and prejudice from his default of Grounds 1, 2(b), 4, 5, 6, 7, 8, 9, and 10. He also has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of these allegations is not required to prevent a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. at 495.

Grounds 1, 2(b), 4, 5, 6, 7, 8, 9, and 10 are denied.

## ORDER

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

      /s/ Fernando J. Gaitan, Jr
    FERNANDO J. GAITAN, JR
    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated:   11/16/05